IRA A. ROSE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. EMERSON RADIO ASSOCIATES, INC. (FORMERLY KNOWN AS EMERSON-NEW JERSEY, INC.), A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 26, 1962—Decided March 15, 1962.

152

Before Judges PRICE, SULLIVAN and LEWIS.

*Mr. Walter R. Cohn* argued the cause for appellant.

*Mr. Ben J. Slavitt* argued the cause for respondent (*Messrs. Slavitt & Slavitt,* attorneys).

The opinion of the court was delivered by
SULLIVAN, J. A. D.  This appeal involves a dispute between a landlord and tenant.  The landlord (plaintiff herein) charged that the tenant (defendant herein) had vacated the premises some five months prior to the expiration of the lease as renewed.  Damages representing five months' rent were sought.  The trial court held that the lease had not been renewed; that the tenant occupied the premises as a month-to-month tenant after the expiration of the lease and was not liable for the rent claimed.  The landlord appeals.

The facts are as follows.  By written lease dated April 30, 1956, plaintiff leased certain premises to defendant for a three-year term.  The lease is a printed form (Blumberg 880—Lease of Business Premises) and contains the following provision in paragraph "Twentieth":

"In the event that the Tenant shall remain in the demised premises after the expiration of the term of this lease without having executed a new written lease with the Landlord, such holding over shall not constitute a renewal or extension of this lease. The Landlord may, at its option, elect to treat the Tenant as one who has not removed at the end of his term, and thereupon be entitled to all the remedies against the Tenant provided by law in that situation, or the Landlord may elect, at its option, to construe such holding over as a tenancy from month to month, subject to all the terms and conditions of this lease, except as to duration thereof, and in that event the Tenant shall pay monthly rent in advance at the rate provided herein as effective during the last month of the demised term."

The lease also contains a typewritten paragraph "Twenty-eighth" as follows:

"Tenant shall have the option to renew this lease upon the expiration of same on April 30, 1959, for an additional period of two (2) years on the same terms and conditions and at the same rental as provided in this lease. Sixty (60) days prior written notice shall be given by the Tenant to the Landlord that the Tenant exercises its option to renew."

It is undisputed that upon the expiration of the original three-year term on April 30, 1959, defendant remained in possession of the premises and continued to pay the rent which the landlord accepted. However, no written notice of exercise of the option was given by the tenant. About the end of November 1960 the tenant vacated the premises after giving the landlord one month's notice in writing.

Despite the fact that due to the proximity of their respective offices Ira Rose, the president of the landlord, saw Murray Golden, the president of the tenant, almost daily, it does not appear that the tenant's status in the premises after April 30, 1959 was discussed. Golden, in an affidavit submitted on the cross-motions for summary judgment, states that the tenant did not intend to exercise the option to renew the lease and therefore did not give written notice under paragraph Twenty-eighth. On the contrary, said Golden, it was the tenant's intention to stay on as a month-to-month tenant pursuant to paragraph Twentieth of the lease.

As heretofore noted, the case was submitted on cross-motions for summary judgment and the trial court held that the tenant's occupancy of the premises after April 30, 1959 was as a month-to-month tenant.

On this appeal appellant contends that it was not necessary for the tenant to give written notice to the landlord of its desire to exercise the option to renew, and the continued occupancy of the premises by the tenant constituted all the notice required to exercise the option to renew. The written notice, argues appellant, was for the landlord's benefit and could be waived by it. *Straus v. Robbin,* 4 *N. J.*

*Misc.* 631, 133 *A.* 868 (*Sup. Ct.* 1926), is cited in support of this argument.

We find the appellant's argument to be invalid. The *Straus* case does not have the broad effect attributed to it by appellant. It was decided prior to the enactment of *N. J. S. A.* 46:8–10 which established holdover tenants (where the original leasing was for one month or longer) as month-to-month tenants in the absence of any agreement to the contrary. Nor did the lease in *Straus* contain a provision similar to paragraph Twentieth of the lease under consideration.

Here, the lease contains a specific provision that if the tenant remains in the demised premises after the expiration of the term, such holding over shall not constitute a renewal or extension of the lease. In addition, the option clause provides that written notice of exercise of the option shall be given by the tenant to the landlord. Concededly, this was not done. Appellant says that it had the right to waive the requirement of written notice. This may be so, but unless an exercise of the option was intended, there was nothing for the landlord to waive. The tenant's mere holding over and paying rent without more did not constitute an attempted renewal of the lease.

A holding over by the tenant and payment of rent might constitute an exercise of the option to renew if coupled with evidence of intent to renew and a waiver by the landlord of the requirement of written notice. However, such is not the case here.

Affirmed.